# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **JOHN A. GRAVES** | **CIVIL ACTION NO. 06-145** |
| **VERSUS** | **JUDGE MELANCON** |
| **LOUISIANA CHRISTIAN UNIVERSITY, ET AL.** | **MAGISTRATE JUDGE HILL** |

## **ORDER**

Before the court are the Motions to Compel filed by *pro se* plaintiff, John A. Graves, on December 13 and 14, 2006.[1] [rec. docs. 45 and 46]. By these Motions, plaintiff requests that this court order the Texas facility in which he is incarcerated to provide him with free envelopes, postage, carbon paper, typing paper and "writ envelopes" for use in connection with his appeal of this court's Order affirming the Bankruptcy Court's denial of his Motion to Reopen his case, and subsequent dismissal of this action. He additionally seeks this court's assistance to expedite his request for certain "law books" through the facility's "Intra-law Library Loan Program."

The record reveals that this matter is currently on appeal. [See rec. docs. 36 and 42]. Accordingly, this court is arguably without jurisdiction to entertain plaintiff's Motions. Moreover, even if this court has jurisdiction to entertain the instant Motions, the record reveals that petitioner has failed to obtain judicial approval for his filing as required by Judge Melancon in his April 10, 2006 Order. [See rec. doc. 30]. Finally, the undersigned is unaware of any constitutionally protected right requiring free or expedited provision of the requested

---

[1] The second Motion is a duplicate filing originally sent to the United States Bankruptcy Court for the Western District of Louisiana.

materials in connection with the appeal of a bankruptcy matter. *See Lewis v. Casey,* 518 U.S. 343, 356 (1996) (noting that a prisoner's right to access the courts set forth in *Bounds v. Smith* "does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." ). For these reasons;

Plaintiff's Motions to Compel [rec. docs. 45 and 46] are **DENIED**.

Signed in chambers in Lafayette, Louisiana on this 18th day of December, 2006.

*C. Michael Hill*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE